UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA        :
                                  :
            v.                    :        Case No. 2:01-cr-12
                                  :
DONALD FELL,                   :
                                  :
        Defendant-Movant.    :

**Memorandum Opinion and Order: Motion to Amend Petition**

Donald Fell has moved under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence of death, to vacate and set aside his judgment of conviction, and to grant him a new trial. Now before the Court are Fell's motions for leave to file a redacted, amended 28 U.S.C. § 2255 motion and to seal selected exhibits. ECF 419, 420. For the reasons set forth below, the motion to amend is GRANTED in part and DENIED in part, and the motion to seal is DENIED.

## I.   Background

Fell timely filed his Section 2255 motion on March 21, 2011. The motion alleges, among other things, that juror misconduct deprived him of his rights to an impartial jury under the Fifth, Sixth, and Eighth Amendments. He now seeks to amend his juror misconduct claims.

Fell's initial Section 2255 motion asserts misconduct by three jurors. He first alleges that prior to voir dire, two jurors did not answer their juror questionnaires completely and

truthfully, and one of those jurors misled the Court about his prior knowledge of the case. Fell contends that had these jurors given honest responses, they would have been stricken for cause. Second, Fell alleges that two of the three jurors were exposed to extra-record influences. Third, he claims that one of the jurors was coercive during penalty-phase deliberations. His proposed amended claims focus upon the same group of three jurors, and add a claim of juror questionnaire omissions by a fourth juror.

**A.    Juror 26**

Jury selection began in this case on May 4, 2005. Potential jurors were initially asked to complete a short questionnaire, and subsequently completed a longer, more detailed questionnaire. Question 43(b) of the long form questionnaire asked, "Have you or has a family member or close friend ever been charged with a crime?" Juror 26 answered "no." Fell alleges in his initial Section 2255 motion that, in fact, Juror 26 was convicted in April 1996 of misdemeanor unlawful mischief arising out of a marital dispute. Fell contends that this "misrepresentation" deprived defense counsel of critical information about Juror 26's ability to evaluate evidence of domestic turmoil in Fell's life.

The initial Section 2255 motion further claims that Juror 26 misrepresented the extent of his knowledge about Fell's case. During voir dire, the following exchange took place:

COURT:        Have you heard anything about this case?

```
JUROR NO. 26:    No, not really.  No.

COURT:           Do you know any of the facts at all?

JUROR NO. 26:    No.  I think at one point, a long time
                 ago, I heard something in passing, but
                 other than that, no.

COURT:           Do you remember what you heard?

JUROR NO. 26:    That just that a woman had been
                 kidnapped, and that was the only thing
                 that I, I can recall.
```

Individual Voir Dire Tr. 90:7-17, May 13, 2005.  In an interview

on January 15, 2011, Juror 26 allegedly admitted to Fell's

counsel that in 2001 he watched a television news report

concerning the suicide of Fell's codefendant, Robert Lee.  Fell

claims that this admission reveals Juror 26 knew more about the

case than his response to the Court implied, and that his

knowledge of Lee's suicide was highly prejudicial.

The proposed amended Section 2255 motion offers supplemental

allegations with regard to Juror 26's responses to the juror

questionnaires.  Specifically, Fell now claims that Juror 26

failed to reveal his criminal history on both the long and short

form questionnaires.  He further alleges that in addition to the

unlawful mischief conviction, Juror 26 was convicted of driving

under the influence in 1995, and of misdemeanor non-payment of

wages in the mid-1990s.  Juror 26 also allegedly failed to reveal

his son's prior criminal history, failed to mention the

involvement of he and his family in various civil suits, and

withheld the fact that his father served in local government.

Finally, the amended motion sets forth a revised discussion of

Juror 26's alleged exposure to extra-record information.

**B.   Juror 143**

Fell's initial Section 2255 motion claims that during the

guilt phase of the trial, Juror 143 drove to Rutland, Vermont to

undertake his own investigation of Fell's crimes.  Juror 143

allegedly drove past the residence of Fell's mother, Debra Fell,

where she and Charles Conway were murdered, and inspected the

area around the Price Chopper where Fell and Lee first

encountered victim Teresca King.  Juror 143 then shared his

impressions with his fellow jurors.  This conduct, Fell submits,

violated Juror 143's pledge not to learn anything about the case

outside what was presented in court.  Juror 143 also allegedly

lied each day thereafter when asked by the Court whether he or

other jurors had learned anything about the case from outside the

courtroom.

Fell's original motion also claims that Juror 143 pointed

Fell's shotgun at another juror during deliberations in an effort

to coerce her to vote for death.

The amended Section 2255 motion submits that in a post-

conviction hearing, Juror 143 falsely retracted his admission of

a mid-trial trip to Rutland.  Fell claims that when Juror 143

learned of the potential impact of his admission upon the

4

verdict, he changed his story and stated that the trip to Rutland occurred in 2010.  The amended Section 2255 motion asserts that Fell has evidence of Juror 143's trip to Rutland, including that he took the trip with another person, that the trip took place in 2005, and that Juror 143 spoke with someone about the trip both before he left and after he returned.

Fell further claims that, like Juror 26 (and, as set forth below, Jurors 162 and 27), Juror 143 failed to respond honestly to the juror questionnaires.  In the short questionnaire, Juror 143 represented that he had never been accused of a crime, while on the long questionnaire he stated that he had never been the subject of a criminal investigation.  Fell asserts that, in fact, Juror 143 was accused of theft and investigated by police in 1995.  In the course of the alleged theft, Juror 143 allegedly threatened two individuals with a handgun.

## C.    Juror 162

Juror 162 answered "no" on her long form questionnaire to the question "Have you or has a family member or close friend ever been a witness to or the victim of a crime?"  In a subsequent written statement, Juror 162 disclosed that she had been the victim of childhood sexual abuse.  Fell's initial Section 2255 motion argues that Juror 162's omission deprived his counsel of critical information, as evidence of Fell's own sexual and physical abuse was presented as a mitigating factor in the

penalty phase of trial.

In his amended Section 2255 motion, Fell further claims that Juror 162 failed to disclose that she had been the victim of embezzlement when she was a young adult; that her husband was a victim of child sexual abuse; that she, her husband, and her son were victims of physical abuse by Juror 162's former partner; and that she and her husband had been subjected to stalking and harassment for which she submitted a complaint to police. Juror 162 also allegedly failed to disclose the full extent of her son's criminal and substance abuse histories. Fell again argues that these omissions deprived the parties and the Court of critical information about this juror.

With respect to Juror 162's own experience as a crime victim, Fell submits that in addition to suffering sexual abuse, Juror 162 lost a small inheritance to an embezzler. In a post-conviction hearing before this Court, Juror 162 explained that when she was 18 years old, her first husband was killed in a work-related accident. Shortly thereafter, an attorney was assigned as her guardian. That attorney proceeded to steal Juror 162's inheritance, which according to her testimony before the Court, was "everything [she] had."

Juror 162 also allegedly failed to disclose a series of incidents involving a woman who was formerly her partner. State court records allegedly reveal that Juror 162 and her son were

6

the victims of physical abuse by the ex-partner, that the ex-partner nearly drove Juror 162's current husband off the road, and that Juror 162 and her ex-partner were involved in incidents of domestic violence, some of which involved weapons. Juror 162 allegedly reported some of these incidents to police.

With regard to Juror 162's own criminal history or that of family members, the short form questionnaire asked jurors to check "yes" or "no" in response to whether they or their relatives had been: (a) the victim of a crime, (b) witness to a crime, or (c) accused of a crime. Juror 162 marked "no" in response to the first two questions, and "yes" in response to the third. On the same form, she disclosed that her son "was under Department of Corrections House Arrest for DUI and domestic violence 16 years ago, he is now ass't manager at Shaw's, so he sure has been a better person for it." In response to the long form's question about family members or close friends who have ever been charged with a crime, Juror 162 again marked "yes," and added: "My son – DWI + domestic abuse – He was under the Dept of Corrections for 3 yrs – Intense Counseling – Best thing ever happened to him – He is now a different person."

Fell now contends in his amended Section 2255 motion that Juror 162 significantly understated her son's criminal history. That history, Fell alleges, spanned 25 years and involved arrests for a series of crimes including assaults, burglary, stealing

7

property (including guns), and four DWIs.  Juror 162's son has also allegedly been provided recurring treatment for chronic substance abuse issues.  At the time of trial, Juror 162's son was allegedly on parole for a crime committed a few years prior, and his most recent conviction was in 2002 for DWI and possession of cocaine and marijuana.  Fell contends that Juror 162 was aware of her son's criminal and substance abuse histories, and that her failure to fully disclose this information again deprived defense counsel of vital information.

Fell also claims that Juror 162 under-reported her own history of criminal charges and substance abuse.  Finally, Fell asserts that Juror 162 did not fully disclose her opinions of psychology and psychiatry.

**D.    Juror 27**

Fell's initial Section 2255 motion does not include any allegations concerning Juror 27.  His amended motion claims that on both the short and long form questionnaires, Juror 27 denied having been accused of or charged with a crime, when in fact, Juror 27 has been charged with assault and pled guilty to a charge of DWI.  By letter to the Court dated February 28, 2014, Fell's counsel admits to a partial error in this allegation, as Juror 27 did reveal on the short form that he had been accused of a crime, and later on the same questionnaire wrote: "DWI – 1982??"

### E.    Procedural Developments

As noted above, Fell timely filed his initial Section 2255 motion on March 21, 2011.  At the initial scheduling conference, the parties discussed the possibility of an amended Section 2255 motion.

> MR. DARROW (for the government): And we understand, consistent with what counsel represents to the Court, that at some point they will seek to file an amended motion to file it, which would be the instrument to adjudicate at the time.
>
> THE COURT: Right.  Once discovery has been completed, as I understand.  Is that right?
>
> MR. LIMAN (for the defendant): Yes, your Honor, that's correct.

June 1, 2011 Hr'g Tr. at 5:9-16.  On December 22, 2011, the government filed a response in opposition to the Section 2255 motion seeking summary dismissal of all claims, including the juror misconduct claims.  Fell filed his reply memorandum on August 20, 2012, reiterating his juror claims.

On May 10, 2013, the Court declined to order summary dismissal of the juror misconduct claims, concluding that Fell had "demonstrated reasonable grounds for further investigation." ECF 368 at 19.  Accordingly, the Court ordered that a hearing be held for the purpose of conducting limited inquiries of Jurors 26, 143 and 162.  That hearing occurred on August 15 and September 27, 2013.  The testimony from those hearings provides the basis for at least some of Fell's amended allegations.

On October 22, 2013, Fell submitted his pending motion for leave to file a redacted, amended Section 2255 motion.

## II.  Discussion

Amendment of a Section 2255 motion is governed by Rule 15(a) of the Federal Rules of Civil Procedure.  *See Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001).  Rule 15(a) provides that "the court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A "district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (internal quotation marks omitted).  The government does not argue for dismissal on grounds of bad faith, undue delay, or prejudice, and mentions substantive futility only briefly.

The government instead focuses its opposition on the assertion that Fell's proposed amendments are untimely.  The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that a Section 2255 motion be brought within one year from the date on which the judgment of conviction became final.  28 U.S.C. § 2255(f)(1).  After that one-year period has expired, amendment is permitted if it "relates back" to the original motion.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  An amendment relates back to the date of the original motion if the original and amended motions arise "out of the conduct, transaction, or occurrence set

out—or attempted to be set out—in the original pleading." Fed. R.
Civ. P. 15(c)(1)(B); *see Mayle*, 545 U.S. at 655.  As the Supreme
Court held in *Mayle*, "[s]o long as the original and amended
petitions state claims that are tied to a common core of
operative facts, relation back will be in order."  *Id.* at 664;
*see also Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 815 (2d
Cir. 2000) ("In determining whether the claim arises out of the
same conduct or occurrence, '[t]he pertinent inquiry . . . is
whether the original complaint gave the defendant fair notice of
the newly alleged claims.'"  *Wilson v. Fairchild Republic Co.*,
143 F.3d 733, 738 (2d Cir. 1998)).

     The Supreme Court's ruling in *Mayle* is both binding and
instructive.  The defendant in *Mayle* filed a petition for writ of
habeas corpus alleging that his Sixth Amendment rights had been
violated by the admission of videotaped testimony.  545 U.S. at
648.  After the AEDPA limitations period expired, he sought leave
to add a claim that the police had violated his Fifth Amendment
rights by using coercive tactics to obtain damaging statements.
*Id.* at 649.  The Ninth Circuit held that amendment was proper
because the two claims arose out of the same trial, conviction,
or sentence.  The Supreme Court disagreed, concluding that
"[u]nder that comprehensive definition, virtually any new claim
introduced in an amended petition will relate back . . . ."  *Id.*
at 656-57.  "An amended habeas petition, we hold, does not relate

back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650. Instead, as noted above, the original and amended pleadings must be "tied to a common core of operative facts." *Id.* at 664.

The *Mayle* decision cited *Mandacina v. United States*, 328 F.3d 995 (8th Cir. 2003) as a case in which relation back was proper. The original petition in *Mandacina* "alleged violations of *Brady v. Maryland*, while the amended petition alleged the Government's failure to disclose a particular report. Both pleadings related to evidence obtained at the same time by the same police department." *Mayle*, 545 U.S. at 664 n.7 (citation omitted). Similarly, in *Cowan v. Stovall*, 645 F.3d 815, 819 (6th Cir. 2011), the Sixth Circuit held that leave to amend should have been granted where the initial petition claimed inadequate investigation of alibi witnesses by counsel, and the amended petition described both those witnesses and their potential alibi testimony. "The motion to amend merely added more detail with respect to who the witnesses were and what they would say." *Cowan*, 645 F.3d at 819; *see also Hodge v. United States*, 554 F.3d 372, 378 (3d Cir. 2009) (holding that newly-asserted ineffective assistance of counsel claim did not differ in time and type from previously asserted right-to-appeal claim, because both concerned

advice that counsel provided to defendant about the filing

deadline for the appeal); *Lewis v. Comm'r of Corr.*, 2013 WL

617034, at *4-*5 (D. Conn. Feb. 19, 2013) (allowing amendment of

Section 2255 motion to include additional allegations of

*Brady* violations where the "*new* (or more precisely, *different*)

manifestations of information suppression . . . relate back to

the course of conduct which has from the inception of the case

been the basis of Lewis's *Brady* claim").[1]

### A.    Juror 26

Here, the Court finds that Fell's amended allegations with

respect to Juror 26 relate back to the initial Section 2255

motion.  The government concedes that Fell's allegation of

additional criminal convictions relates back to the original

claim that Juror 26 failed to disclose a misdemeanor conviction.

The government does not concede, however, that omissions on the

juror questionnaires regarding past involvement with civil suits,

or a failure to disclose Juror 26's father's involvement in local

government, should be allowed.

The essence of Fell's claim regarding Juror 26 is that, in

response to both written questions and to direct questioning by

the Court, Juror 26 did not disclose the full truth during the

---

[1] Fell also submits that in *Sampson v. United States*, 820
F. Supp. 151, 161 (D. Mass. 2011), *aff'd*, 724 F.3d 150 (1st Cir.
2013), the district court allowed evidence of juror misconduct
beyond that specifically alleged in the Section 2255 motion,
without requiring formal amendment of the motion.

voir dire process.  Fell's amended Section 2255 motion offers

this same allegation, with additional examples of misstatements.

Those alleged misstatements—regarding criminal convictions, a

relative's criminal history, civil lawsuits, and connections to

local government—arise out of the same "common core of operative

facts," namely, the voir dire process, and more precisely, juror

questionnaires.  *Mayle*, 545 U.S. at 664.  Moreover, those

allegations are of the same "time and type" as originally pled,

as they involved same type of misconduct, by the same actor,

during the same stage of the proceedings.  *Id.* at 650.  The

motion to amend the claims regarding Juror 26 is therefore

GRANTED.

>    **B.    Juror 143**

Juror 143 is alleged to have deceived the Court about his

trip to Rutland.  Fell claims that not only did Juror 143 violate

his juror pledge by undertaking an independent investigation, but

repeatedly lied to the Court by failing to disclose what he had

done.  The amended Section 2255 motion asserts that Juror 143

continues to be untruthful in post-conviction proceedings.  Fell

also contends that Juror 143's pattern of deceit began during

voir dire, when he allegedly failed to respond accurately to

questions of whether he had ever been accused of, or investigated

in relation to, a crime.

Claims of Juror 143's factual omissions during voir dire are

14

certainly similar in "type" to Fell's initial allegations of

deceit.  *Id.*  As to the "time" of the alleged misconduct, it is

difficult to isolate a precise time period given that Juror 143's

alleged misconduct spanned much of the trial.  *Id.* at 650.

Indeed, the "core of operative facts" in Fell's original motion

includes a claim of daily deception.  *Id.* at 664.  Furthermore,

Juror 143 is not new to these post-conviction proceedings, as

questions regarding both his credibility and impartiality have

been asserted from the outset.  The Court therefore GRANTS the

motion to amend with respect to Juror 143.

### C.    Juror 162

The Court also finds that the amended claims involving Juror

162 relate back to Fell's initial allegations.  The initial

motion alleged that during voir dire, Juror 162 failed to reveal

that she had been a victim of sexual abuse.  Fell's amended

claims also pertain to the voir dire process.  Some claims

pertain to sexual abuse, while others allege significant

omissions about family histories, criminal histories, and

substance abuse.  As with the issue of sexual abuse, these latter

categories were arguably relevant to Fell's defense team, and

specifically to the issue of mitigating factors.

Fell's proposed amendments concerning Juror 162 plainly

involved a "common core of operative facts" when compared with

the initial motion.  *Id.* at 664.  As with Juror 26, the amended

claims involve the same actor, engaging in essentially the same type of misconduct, during the same stage of trial.  Fell's motion to amend his claims regarding Juror 162 is GRANTED.

**D.    Juror 27**

Juror 27 is not mentioned in the initial Section 2255 motion.  Fell's amended Section 2255 motion alleges that Juror 27 failed to disclose an assault charge and a DWI conviction on his juror questionnaires.  Counsel's recent letter to the Court, however, concedes that Juror 27 acknowledged a prior criminal accusation on his short form questionnaire, and specifically disclosed a DWI charge.  The long form questionnaire denied any criminal charges.

While Fell's initial motion alleges "additional juror misconduct," ECF 301 at 340, such a general claim does not provide a sufficient factual basis for purposes of a "relation back" analysis.  *See, e.g., Veal v. United States*, 2007 WL 3146925, at *4 (S.D.N.Y  Oct. 9, 2007), *aff'd*, 334 F. App'x 402 (2d Cir. 2009); *Reiter v. United States*, 371 F. Supp. 2d 417, 423 (S.D.N.Y. 2005).  Furthermore, the allegations involving Juror 27 are somewhat different in nature from those set forth in the initial motion regarding other jurors.  Jurors 26, 143, and 162 are alleged to have engaged in substantial omissions that deprived counsel and the court of vital information.  In contrast, counsel had notice of a potential DWI charge against

16

Juror 27, and thus had the opportunity to inquire further about that or any other alleged criminal activity.  The Court therefore finds that Fell's recently-added claim regarding Juror 27 does not relate back to the original Section 2255 motion, and the motion to amend in this regard is DENIED.

### E.    Prejudice and Futility

The Court further finds that the government will not be unduly prejudiced by the amendments allowed above, and declines to find that the amended claims are futile.  The government has been aware since early in this case that Fell would likely file an amended motion, and Fell filed his motion to amend shortly after the Court held preliminary hearings on the question of juror misconduct.  With respect to futility, the Court has previously determined that allegations of juror misconduct by Jurors 26, 143, and 162 warrant further investigation.  That investigation process is ongoing, and the issue is therefore "inappropriate for summary dismissal."  ECF 368 at 19.

### F.    Redaction

Finally, there is no longer a need to file the amended Section 2255 motion in redacted form.  Fell notes that at the time of his filing in October 2013, transcripts from the August 15, 2013 preliminary hearing remained under seal, "and until the transcript is unsealed in an unredacted form," redaction was appropriate.  ECF 419-2 at 2.  On November 18, 2013, the Court

ordered that those transcripts be unsealed.  ECF 437.

Accordingly, the redaction issue is moot, and that portion of

Fell's motion to amend is DENIED.  Correspondingly, Fell's motion

to seal related exhibits, ECF 420, is also DENIED.

**III. Conclusion**

For the reasons set forth above, Fell's motion for leave to

file a redacted, amended Section 2255 motion, ECF 419, is GRANTED

in part and DENIED in part.  Fell's motion to file selected

Exhibits under seal, ECF 420, is DENIED.  The hearing currently

set for March 18-20, 2014 will proceed as scheduled.  The

government's motion regarding the scope of that hearing, ECF 469,

is DENIED as moot.

Dated at Burlington, in the District of Vermont, this 12th

day of March, 2014.


                                    /s/ William K. Sessions III
                                    William K. Sessions III
                                    District Court Judge